```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA


KERVIN ET AL.                          CIVIL ACTION

VERSUS                                 NO: 14-171

GOODYEAR ET AL.                        SECTION: "J"(5)
```

### ORDER AND REASONS

Before the Court is the **Motion to Remand and for Costs and Attorney Fees (Rec. Doc. 6)** filed by Plaintiffs, Christy Kervin and David Kervin, individually and on behalf of their minor child, and Defendant Latter and Blum Property Management, Inc. (Latter and Blum)'s opposition thereto. (Rec. Doc.7) Having considered the motion and memoranda of counsel, the record, and the applicable law, the Court finds that the motion should be **DENIED** for the reasons set forth more fully below.

### PROCEDURAL HISTORY AND BACKGROUND FACTS

This matter arises out of Plaintiffs' alleged exposure to harmful lead paint while leasing and residing in a home owned by Defendant Gregory Goodyear and managed by Defendant Latter and

1

Blum. (Rec. Doc. 7-1) On November 7, 2013, Plaintiffs filed a Petition for Damages in state court alleging that Defendant Goodyear was liable for, *inter alia*, his "[f]ailure to warn plaintiffs of lead-based paint that existed in [the] house," "[f]ailure to warn plaintiffs of lead-based paint risks that existed in the house," and "[f]ailure to provide plaintiffs with health information relating to lead-based paint and lead dust risks." (Rec. Doc. 7-1, p. 7) Plaintiffs alleged that these three omissions, as well as ten other acts or omissions, constituted negligent acts giving rise to liability and damages under Louisiana Civil Code article 2315. (Rec. Doc. 7-1, p. 8) Plaintiffs likewise alleged that Defendant Latter and Blum committed negligent acts or omissions under article 2315[1] when it, *inter alia*, "fail[ed] to warn plaintiffs of lead-based paint and lead-based paint risks that existed in [the] house." (Rec. Doc. 7-1, p. 8) Again, this allegation was but one of eleven claims against Latter and Blum. None of the other claims against the Defendants related to the failure to warn or failure to provide information about lead paint or lead paint risks. The petition on its face did not reference any federal laws or

---

[1] Plaintiffs' other claims included those for breach of contract, breach of warranty, loss of wages and disruption in business income, and violations of the Louisiana Unfair Trade Practices Act, Louisiana Revised Statute 51:1409, *et seq*.

explicitly indicate that it presented any federal question.

On December 26, 2013, Plaintiffs filed their First Amended Petition. (Rec. Doc. 7-2) In it, Plaintiffs for the first time asserted claims under federal law.[2] Specifically, Plaintiffs alleged for the first time that Defendants' failure to warn or failure to provide information about lead paint or lead paint risks violated 42 U.S.C. § 4852d, *et seq.*, which requires lessors to provide federal lead pamphlets and disclosures to lessees. Plaintiffs sought treble damages in accordance with 42 U.S.C. § 4852d(b)(3). This addition of a federal cause of action prompted Defendant Latter and Blum, with the consent of the other defendants, to file a Notice of Removal with the United States District Court for the Eastern District of Louisiana on January 22, 2014. (Rec. Doc. 1) On January 30, 2014, Plaintiffs filed the instant Motion to Remand, arguing that Defendant Latter and Blum's Notice of Removal, filed more than thirty days after Plaintiffs' original petition, was untimely. (Rec. Doc. 6)

## LEGAL STANDARD

The procedure for removal of civil actions derives from 28 U.S.C. § 1446. Section 1446(b) provides that the notice of

---

[2] The Court acknowledges that Plaintiffs amended their petition in other ways, but will not discuss the other alterations or additions because they are irrelevant to the instant motion.

removal "shall be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading" if such initial pleading indicates that the civil action is removable. Id. § 1446(b)(1). If it only becomes clear that the action is removable after receipt of "an amended pleading, motion, order or other paper," then the notice of removal "may be filed within 30 days [of] receipt" of that document. Id. § 1446(b)(3).

Under the well-pleaded complaint rule, "a defendant can remove a case based on federal question jurisdiction only when a federal question is presented on the face of [a] plaintiff's properly pleaded complaint." Alim v. KBR, Inc., No. 13-11094, 2014 WL 2526843, at *1 n.4 (5th Cir. June 5, 2014)(internal quotation marks omitted). Likewise, the United States Court of Appeals for the Fifth Circuit has held that "the thirty-day removal period under [Section 1446(b)(1)] is triggered only where the initial pleading '*affirmatively reveals on its face* that the [case is removable].'" Mumfrey v. CVS Pharmacy, Inc., 719 F.3d 392, 399 (5th Cir. 2013)(quoting Chapman v. Powermatic, Inc., 969 F.2d 160, 163 (5th Cir. 1992)). The Fifth Circuit has "specifically declined to adopt a rule which would expect defendants to 'ascertain[] from the circumstance[s] and the

4

initial pleading that the [case was removable]." Id. Thus, a plaintiff may not rely on a defendant's subjective knowledge from outside the initial pleading to render the action removable. See id. at 399-400. Rather, when the initial pleading does not affirmatively reveal that the case is removable, the removal clock is triggered only when an amended pleading or other paper subsequently enables a defendant to ascertain that the action is removable. See 28 U.S.C. § 1446(b)(3).

**DISCUSSION**

Plaintiffs argue that, although their original petition did not allege a cause of action arising under federal law, the original petition made Defendants aware of the presence of a federal question "because it plainly alleged that [Defendants] failed to warn [Plaintiffs] of lead paint risks-conduct squarely prohibited in the federal statute and corresponding regulations." (Rec. Doc. 6-2, p. 3) Consequently, Plaintiffs argue that Defendants' Notice of Removal, filed more than thirty days after receipt of the original petition, was untimely "such that remand back to state court is warranted." Id. Plaintiffs reason that the only thing missing from the original petition was a citation to the federal statute, and that Defendant Latter and Blum, a sophisticated real estate company, surely knew of the federal

requirement to inform lessees of lead paint risks.[3] Id. Lastly, Plaintiffs request attorney fees and costs for improper removal.

Defendant Latter and Blum argues that the original petition failed to provide notice of a federal question. Latter and Blum stresses that Plaintiffs presented only four claims relating to the failure to warn of lead risks and failed to request triple damages as permitted under the later-incorporated federal statute. (Rec. Doc. 7) Instead, Latter and Blum contends that the presence of a federal question did not become clear until Plaintiffs filed their First Amended Petition on December 26, 2013. Id. Thus, the First Amended Petition is the pleading "from which [Latter and Blum first] ascertained that the case is one which is . . . removable." 28 U.S.C. § 1446(b)(3). Consequently, Latter and Blum had thirty days from receipt of the First Amended Petition in which to file its Notice of Removal. Id. Latter and Blum concludes that its January 22, 2014, removal to federal court was therefore timely.

The Court agrees with Latter and Blum that the First Amended Petition was an amended pleading from which Latter and Blum could first ascertain that the matter was removable within the meaning

---

[3] Plaintiffs further assert that if the Court does not remand the entire matter to state court, the "unrelated state law violations" will require severance. (Rec. Doc. 6-2, pp. 6-7) Because the Court need not rule on this particular claim to resolve the instant motion, the Court declines to discuss it.

of 28 U.S.C. § 1446(b)(3). Latter and Blum's Notice of Removal, filed within thirty days of receipt of the First Amended Petition, was therefore timely. Plaintiffs' failure to warn claims constituted only four of many alleged negligent acts or omissions under the Louisiana Civil Code. Plaintiffs did not reference the federal statute in their original petition, nor did they request treble damages for its violation as permitted under 42 U.S.C. § 4852d(b)(3). Under the circumstances, the Court cannot say that the initial pleading affirmatively revealed on its face that the action was removable. Plaintiffs cannot rely on Latter and Blum's subjective knowledge to convert the initial pleading into one providing notice of a federal question and triggering the removal clock as a result. As such, the initial pleading did not trigger the removal clock. Latter and Blum's Notice of Removal, filed within thirty days of Plaintiffs' First Amended Complaint, was timely.

Latter and Blum's point that "a federal court's jurisdiction is not supposed to be a game" is well taken. As Latter and Blum argues, in failing to reference 42 U.S.C. § 4852d in their original petition, Plaintiffs either obscured the federal question or were unaware of its existence. In the case of the former, the Court declines to now allow Plaintiffs to capitalize

on their oversight by claiming Latter and Blum should have known that the allegations could support a claim under federal law and thus any removal more than thirty days after the original petition must be untimely. In the case of the latter, the Court refuses to require Latter and Blum to choose between alerting Plaintiffs to an additional cause of action (especially one permitting treble damages) or losing entirely its ability to remove the case to federal court. Latter and Blum timely removed the case when it did so within thirty days of receipt of the First Amended Petition. Consequently, the Court will not remand the case to state court. Finally, because the Court finds that the matter was not improperly removed, the Court further denies Plaintiffs' motion for attorney fees and costs.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion to Remand and for Costs and Attorney Fees* **(Rec. Doc. 6)** is **DENIED**.

New Orleans, Louisiana, this 12th day of August, 2014.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE